PONSONBY (SHERRARD v.). See Case No. 12,772.

## Case No. 11,267.

### PONSOT v. MAXWELL.

[4 Blatchf. 43.] [1]

Circuit Court, S. D. New York.    April 21, 1857.

CUSTOMS DUTIES—PROTEST—ACT FEB. 26, 1845.

Under the act of February 26, 1845 (5 Stat. 727), a protest "against paying 40 per cent. duty on rosewood furniture, believing it should pay 30 per cent., as cabinet furniture," cannot be extended to embrace other articles, or furniture of other woods, or furniture of rosewood and other woods combined, where such other woods form so large and so conspicuous a part of the furniture as to require it to be classed, in commercial transactions, by some other name than merely "rosewood furniture."

This was an action [by George Ponsot] against [Hugh Maxwell] the collector of the port of New York, to recover back an alleged excess of duties on sundry importations. At the trial, a verdict was rendered for the plaintiff, for $1,500, subject to the opinion of the court as to the sufficiency of the protests. There were six entries. The first entry was made April 19th, 1851, and embraced "rosewood and mahogany furniture," "common wood furniture," "rosewood furniture," and "silk and worsted goods." The protest, (annexed to the entry,) was "against paying 40 per cent. duty on rosewood furniture, as specified in this entry, believing it should pay 30

_____
[1] [Reported by Hon. Samuel Blatchford, Chief Judge.]

per cent. as cabinet furniture." The second entry was made the same day, and embraced articles of "rosewood furniture," of "rosewood and mahogany furniture," and of "oak furniture." The protest was "against paying 40 per cent. on the article of rosewood furniture, specified in the entry attached, believing it should pay 30 per cent., as cabinet furniture." The third entry was made May 2d, 1851, and was of "rosewood furniture," of "common wood furniture" and of "rosewood and common wood furniture." The protest was the same as in the last case. The fourth and fifth entries, made the same day, were of the same general character, and the protests were substantially like the others. The last entry was made May 3d, 1851, of "rosewood and common wood furniture," of "rosewood furniture," of "rosewood," and of "varnish." The protest was in substance like the others.

John S. McCulloh, for plaintiff.
John McKeon, Dist. Atty., for defendant.

HALL, District Judge. These protests were all made in pursuance of the act of February 26, 1845 (5 Stat. 727), which requires a person protesting against any exaction of alleged excessive or illegal duties, to make his protest in writing, and set forth "distinctly and specifically the grounds of objection to the payment thereof." In this case, the protests were distinct and specific, and distinctly related to a specific article embraced in the invoices and entries to which the protests referred. "Rosewood furniture" is a well known and specific term, and these protests cannot be extended beyond what is properly and specifically embraced within them.

Most clearly, they cannot be extended so as to embrace any other article than rosewood furniture; and furniture of other woods, and silk and worsted goods, and varnish, are necessarily excluded from their operation. Furniture of rosewood and common wood together, or of rosewood and mahogany together, when the latter wood forms so large and so conspicuous a portion of the furniture as necessarily to require it to be classed, in commercial transactions, not as rosewood furniture but as rosewood and mahogany furniture, or rosewood and common wood furniture, must equally be excluded from their operation.

As there is nothing from which I can determine the articles or amounts to which these protests, under these principles, can be made to apply, the plaintiffs must have judgment for the sum appearing, on these principles, to be due to them, to be ascertained by adjustment at the custom-house, or as the parties may otherwise agree.